# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

ANTONE L. KNOX,

    Petitioner,

v.   Case No. CIV 12-040-RAW-KEW

RANDALL G. WORKMAN, Warden,

    Respondent.

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus. Petitioner, an inmate currently incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, has filed this action pursuant to 28 U.S.C. § 2241, alleging his due process rights were violated when he was convicted of a misconduct without any supporting evidence, following an unreasonable search and seizure of his legal mail. He is complaining that the misconduct conviction reduced his classification for earned credits, affecting the duration of his sentence.

According to petitioner, on March 15, 2011, he gave Unit Manager Debra Aldridge his outgoing legal mail, which included orders from the state and federal courts and judicial complaints against four judges. The mail was sealed in front of Aldridge, who signed disbursements for the mail. She, however, illegally opened the mail outside of petitioner's presence and returned it to him, saying the documents in the envelopes were not legal mail.

Petitioner claims he received an incident report, but no misconduct report. In addition, there was no physical evidence, and Aldridge was the hearing officer, in violation of DOC policy. He refused to attend his March 31, 2011, disciplinary hearing where he was found guilty and sanctioned. His attempts to appeal the misconduct conviction were denied, because he did not attend the hearing.

The respondent has filed a motion to dismiss, alleging petitioner has failed to exhaust the administrative remedies for his claim. The record shows that on March 28, 2011, it was

discovered petitioner was using "legal" envelopes and legal disbursements for matters not pertaining to post-conviction relief or conditions of confinement. He had been warned repeatedly to stop circumventing Policy OP-020117 in attempts to get his name legally changed while incarcerated. Five envelopes marked as legal mail were seized as evidence and contraband. On March 31, 2011, he received an Offense Report for the offense of Individual Disruptive Behavior 02-21. He refused to cooperate when he was given notice of the disciplinary report on that same date. He also refused to sign the Offense Report or to attend his disciplinary hearing that day. Petitioner's refusal to cooperate and attend the hearing were considered a waiver. The hearing officer found petitioner guilty, and his sanctions included the loss of earned credits. The facility head affirmed the decision.

On April 7, 2011, petitioner filed an appeal with the DOC Director, but it was returned unanswered that day for failure to properly complete the form. Petitioner was advised he could resubmit the appeal only if he remained within the specified time frames. He also was instructed to write more legibly. He resubmitted his appeal on June 6, 2011, but it was returned on June 23, 2011, for failure to follow the previous instructions and as untimely. On July 28, 2011, petitioner filed an application with the Director to file an appeal out of time, but on August 15, 2011, it also was returned as untimely. The court, therefore, finds petitioner has failed to exhaust the administrative remedies for his claim.

During the time petitioner was attempting to exhaust his administrative remedies, he filed a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, in the Oklahoma County District Court on June 17, 2011. The petition was dismissed without prejudice for failure to exhaust administrative remedies and for failure to state a claim for relief. *Knox v. Okla. Dep't of Corr.*, CV-2011-965 (Okla. County Dist. Ct. Nov. 16, 2011). His appeal of that decision also was dismissed for failure to exhaust administrative remedies. *Knox v. O.D.O.C.*, No. REC 2011-1090 (Okla. Crim. App. Jan. 13, 2012). The court finds these attempts at a judicial remedy did not cure petitioner's failure to exhaust administrative remedies.

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus for failure to exhaust his administrative remedies [Docket No. 8] is GRANTED, all other pending motions are DENIED, and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this 24th day of September 2012.

*Ronald A. White*
**RONALD A WHITE**
**UNITED STATES DISTRICT JUDGE**